IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


**RONNIE MULLINS,**

    **Plaintiff,**

v.                        **CIVIL ACTION NO. 1:06cv105**
                               **(Judge Keeley)**

**UNITED STATES OF AMERICA,
RICHARD RAMIREZ, E. MACE-LEIBSON,
MARK DIB, SALVATORE LANASA,
KAREN LAMBRIGHT, and JANET
BUNTS,**

    **Defendants.**


**<u>ORDER AFFIRMING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>**

**I.    INTRODUCTION**

On July 7, 2006, Ronnie Mullins ("Mullins"), a <u>pro se</u> plaintiff in the custody of the Bureau of Prisons, filed a complaint seeking relief under the Federal Tort Claims Act ("FTCA") and <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971). He alleges that, since his designation to FCI-Gilmer in September, 2003, the individual defendants[1] have negligently treated and diagnosed his various medical conditions and have been deliberately indifferent to his serious medical needs in violation of the Eighth Amendment to the United States Constitution.

---

[1] Richard Ramirez, M.D., Clinical Specialist Consultant and Acting Clinical Director, FMC-Lexington ("Dr. Ramirez"); Ellen Mace-Leibson, Clinical Director, FCI-Gilmer ("Dr. Mace-Leibson"); Mark Dib, Physician Assistant, FCI-Gilmer ("PA Dib"); Karen Lambright, Health Services Administrator, FCI-Gilmer ("Lambright"); Janet Bunts, former Health Services Administrator, FCI-Gilmer ("Bunts"), and Salvator LaNasa, M.D., private practice general surgeon and consulting physician at FCI-Gilmer ("Dr. Lanasa")

**Mullins v. United States**                                1:06cv105

## ORDER AFFIRMING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and the standing order of this Court, this matter was referred to United States Magistrate Judge James E. Seibert, who, on July 9, 2007, issued a Report and Recommendation (R&R) recommending that Mullins's claims be dismissed with prejudice. On July 19, 2007, Mullins filed timely objections to the R&R.

After a _de novo_ review of those portions of Magistrate Judge Seibert's R&R to which Mullins objects, the Court finds that Mullins's objections are without merit and that the magistrate judge's analysis is correct. Accordingly, for the reasons that follow, the Court **AFFIRMS** Magistrate Judge Seibert's R&R, **GRANTS** the defendants' motions for summary judgment and **DISMISSES** this case **WITH PREJUDICE**.

### II. Background

In his complaint, Mullins alleges that shortly after his designation to FCI-Gilmer in September, 2003, he presented to the medical staff with complaints of a painful tumor on his left diaphragm, chronic and painful swelling of lymph nodes in the neck area as well as under both arms and the groin area, and blood in his stool. He goes on to allege that after a "cursory examination," FCI-Gilmer medical staff advised him that nothing was wrong and that a follow-up examination was not necessary.

2

**Mullins v. United States**  1:06cv105

## ORDER AFFIRMING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

According to Mullins, despite his continued complaints, he was not examined by a physician until October 19, 2004, when Dr. LaNasa examined him and, after noting the presence of chronic neck and ancillary masses, ordered x-rays and CT scans.

Mullins further alleges that the results of those tests indicated several conditions, including "atalectasis in the lingula segment with elevation of the diaphragm on the left to the seventh intercostal space", the etiology of which "include tumor, paralysis of the phrenic nerve on left side, loss of lung volume . . . and possible pneumonia." (Compl. at ¶ 17.) Mullins further alleges that his blood tests indicated abnormal cancer markers, a low red blood cell count, and abnormal creatinine levels. Given those indications, Mullins claims that he requested a biopsy and further examination by a specialist, but that those requests were denied "by all defendants who replied by making such comments as, 'you need a bowel movement' and 'you are a hypochondriac there is nothing wrong with you.'" Id. at ¶ 18.

Thereafter, Mullins alleges that, on February 3, 2006, additional CT scans were performed which indicated the presence of a tumor with elevation of the left diaphragm and platelike atelectasis or scarring in the lower left lobe of the lung. Mullins asserts that after he made another request for a biopsy of

3

the swollen lymph nodes and tumor, all defendants, including Dr. LaNasa, stated that a biopsy was unnecessary because the lymph nodes and tumor were benign. Mullins also asserts that, in February, 2006, his pain and seizure medications, Tylenol 3 and Phenobarbital, respectively, were wrongly discontinued.

Mullins further alleges that during his incarceration at FCI-Gilmer he made additional complaints of blood in his stool and of stomach pain, and that on April 28, 2006, he underwent a colonoscopy. Mullins claims that, as a result of the colonoscopy, Dr. LaNasa discovered a polyp with internal prolapse. Mullins asserts that a biopsy indicated the polyp was adenomatous. According to the plaintiff, an adenomatous polyp is "cancerous or pre-cancerous with miotic activity." The plaintiff states that, while the polyp was removed, he received no post-operative treatment to address further cell-dividing activity.

Mullins asserts that he continues to have blood in his stool, stomach pain, twitching, spasms, swollen lymph nodes, swollen glands, a chronically painful tumor on the left diaphragm, atelectasis in the left lung, paralysis of the phrenic nerve, and loss of lung volume. In response to additional requests for appropriate treatment, the plaintiff claims that Bunts asked him when he is going home, Lambright told him that "we're not going to

fool with that anymore," PA Dib replied that he didn't know what to tell him, Dr. LaNasa denied telling Mullins that he had a tumor, and Dr. Ramirez and Dr. Mace-Leibson refused to discuss the matter or examine the plaintiff.

Based on these allegations, Mullins filed a two-count complaint against the defendants on July 7, 2006. In Count I, he claims that Dr. Ramirez, Dr. Mace-Leibson, PA Dib, Dr. LaNasa, Lambright, and Bunts acted under the color of federal law in their capacities as agents, employees, physicians, and policymakers at FCI-Gilmer. Further, he claims that the defendants acted with deliberate indifference to his health, safety and welfare. Accordingly, pursuant to Bivens, Mullins alleges that the defendants violated the Fifth and Eighth Amendments of the United States Constitution.

In Count II, Mullins claims that Dr. Ramirez, Dr. Mace-Leibson, Bunts, Lambright, and PA Dib breached their duty to provide him with reasonable and appropriate medical care. Therefore, pursuant to the FTCA, 28 U.S.C. §§ 1346(b) and 2671 et. seq., Mullins alleges that the United States is liable for the negligence of the individual defendants, and he seeks compensatory damages for pain and suffering, emotional distress, and injuries resulting from that alleged negligence.

**Mullins v. United States**                                    1:06cv105

## ORDER AFFIRMING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On February 20, 2007, Dr. LaNasa filed a motion to dismiss or, in the alternative, for summary judgment. A memorandum, an affidavit, and medical records pertaining to the plaintiff accompanied the motion. On March 30, 2007, the United States of America, Dr. Ramirez, Dr. Mace-Leibson, PA Dib, Lambright, and Bunts filed a motion to dismiss or, in the alternative, for summary judgment with memorandum in support. On April 2, 2007, these defendants filed sealed exhibits in further support of their motion. On April 27, 2007, Mullins filed a declaration and a response in opposition to the defendants' motions to which he attached several exhibits in support. After another round of briefings from the parties, Magistrate Judge Seibert issued his R&R on July 9, 2007 recommending dismissal of Mullins's claims.

### III. Magistrate Judge's Report and Recommendation

In his R&R, Magistrate Judge Seibert analyzed Mullins's claims on three fronts: 1) whether Mullins had exhausted his administrative remedies; 2) whether Mullins's claims of deliberate indifference under <u>Bivens</u> survive a motion to dismiss, or, in the alternative, summary judgment based on the facts of this case; and 3) whether Mullins's medical negligence claims under the FTCA comported with West Virginia law applicable to the filing of such claims against a private individual. In short, the magistrate

**ORDER AFFIRMING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

judge found 1) that Mullins had exhausted his administrative remedies with regard to some, but not all, of his claims, 2) that the overwhelming weight of the medical records and Mullins's treatment history at FCI-Gilmer do not support his claim of deliberate indifference and warrant dismissal of his <u>Bivens</u> claims, and 3) that Mullins had failed to comply with the dictates of West Virginia law prior to filing his medical negligence claims, thus warranting dismissal of his FTCA claims.

### a. Exhaustion

Under the Prison Litigation Reform Act ("PLRA"), an inmate bringing an action "with respect to prison conditions" must first exhaust all available administrative remedies. 42 U.S.C. § 1997e; <u>Booth v. Churner</u>, 532 U.S. 731 (2001). Here, Magistrate Judge Seibert found that, prior to filing suit, Mullins had successfully exhausted the Bureau of Prisons's ("BOP's") administrative process for only one (1) of five (5) separate administrative claims he filed regarding the medical care he has received at FCI-Gilmer.[2] Nevertheless, while many of the allegations in Mullins's complaint echo those raised in his unexhausted administrative claims, because those allegations are intertwined with those claims that Mullins

---

[2] Remedy ID 348953; Remedy ID 388555; Remedy ID 394045; Remedy ID 394046; and Remedy ID 411365

has properly exhausted, Magistrate Judge Seibert went on to evaluate all of Mullins's <u>Bivens</u> and FTCA claims.

**b. <u>Bivens Claims</u>**

   **1.   <u>Claims Against Dr. Ramirez, Dr. Mace-Leibson, PA Dib, and Dr.LaNasa</u>**

To establish a <u>Bivens</u> claim, a plaintiff must specify the unconstitutional acts each defendant committed to deprive him of a federal right, show the defendant's personal involvement in denying his federal right, and establish a causal connection to the harm alleged. <u>Slakan v. Porter</u>, 737 F.2d 368, 373 (4th Cir. 1984); <u>West v. Atkins</u>, 487 U.S. 42, 49 (1988); <u>Gomez</u>, 446 U.S. at 640; <u>Zatler v. Wainwright</u>, 802 F.2d 397, 401 (11th Cir. 1986). In this case, Mullins predicates his <u>Bivens</u> claims on his allegations that the defendants were deliberately indifferent to his serious medical needs under the Eighth Amendment by failing to properly diagnose and treat various medical conditions.

To establish an Eighth Amendment violation for deliberate indifference to a prisoner's serious medical need, an inmate must prove that: (1) objectively, the deprivation of a basic human need was "sufficiently serious;" and (2) subjectively, the prison official acted with a "sufficiently culpable state of mind." <u>Wilson v. Seiter</u>, 501 U.S. 294, 297-98 (1991). Accordingly, to be deliberately indifferent, a prison official "must both be aware of

facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). By contrast, a prison official is not deliberately indifferent if he "knew the underlying facts but believed (albeit unsoundly) that the risk to which the fact gave rise was insubstantial or nonexistent." Id. at 844.

In this case, Magistrate Judge Seibert found that Mullins's extensive medical records conclusively establish that Dr. Ramirez, Dr. Mace-Leibson, PA Dib, and Dr. LaNasa, as well as a host of other medical personnel, provided "thorough and timely medical treatment" for Mullins's complained of conditions. (R&R at 15.) To support that conclusion, the magistrate judge engaged in an exhaustive, eleven-page discussion of Mullins's treatment history at FCI-Gilmer. That history shows a consistent pattern of examinations, testing, consultations and treatment through both medical procedures and medication for the full spectrum of Mullins's complained of ailments. In sum, Magistrate Judge Seibert found nothing in the extensive record to support a finding that any of the defendants was deliberately indifferent to Mullins's serious medical needs.

**Mullins v. United States**                               1:06cv105

## ORDER AFFIRMING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### 2. Claims Against Lambright and Bunts

Defendants Lambright and Bunts have never provided medical care to Mullins. Rather, they either are or once were health care administrators at FCI-Gilmer. Relying on <u>Miltier v. Beorn</u>, 896 F.2d 848 (4th Cir. 1990), Magistrate Judge Seibert notes in his R&R that inmate supervisors may be found liable in a <u>Bivens</u> action when (1) "the supervisory defendants failed promptly to provide an inmate with needed medical care," (2) "the supervisory defendants deliberately interfered with the prison doctor's performance," or (3) "the supervisory defendants tacitly authorized or were indifferent to the prison physicians' constitutional violations." <u>Id.</u> at 854 (internal citations omitted).

It is not enough to establish supervisory liability, however, for a plaintiff to show that a subordinate was deliberately indifferent to his needs. <u>Id.</u> Rather, a plaintiff must establish that the inmate supervisor's inaction amounts to deliberate indifference or authorization of the offensive practice. <u>Id.</u>

Given this standard, Magistrate Judge Seibert found that the specific allegations in Mullins's complaint were insufficient to state a <u>Bivens</u> claim against either Lambright or Bunts for supervisory liability. Further, because he found no deliberate indifference on the part of Mullins's health care providers at FCI-

Gilmer, there could be no supervisory liability on the part of either Lambright or Bunts for any actions taken in their administrative capacities. Miltier, 896 F.2d at 854.

### c. FTCA Claims

"[A] person can sue under the [FTCA] to recover damages from the United States Government for personal injuries sustained during confinement in a federal prison, by reason of the negligence of a government employee." United States v. Muniz, 374 U.S. 150 (1963). The FTCA, however, does not create a new cause of action. Medina v. United States, 259 F.3d 220, 223 (4th Cir. 2001). Instead, "[t]he statute permits the United States to be held liable in tort in the same respect as a private person would be liable under the law of the place where the act occurred." Id.

In this case, the defendants' alleged negligent acts occurred in West Virginia. Under West Virginia law, a plaintiff must satisfy certain requirements prior to filing suit against a health care provider. W.Va. Code § 55-7B-6. Those requirements include, *inter alia*, the service on each defendant health care provider of a notice of claim with an attached screening certificate of merit executed under oath by a health care provider qualified as an expert under the West Virginia Rules of Evidence at least thirty (30) days prior to a plaintiff filing suit. Id.

**Mullins v. United States**                                                1:06cv105

## ORDER AFFIRMING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Magistrate Judge Seibert found no evidence that Mullins had complied with the dictates of W.Va. Code § 55-7B-6 prior to bringing his FTCA claims against the defendant health care providers at FCI-Gilmer. Accordingly, he recommends dismissal of Mullins's FTCA claims.

### IV. Mullins's Objections

In his objections to the R&R, Mullins first recites his version of the factual history of this case as set forth in his complaint and subsequent briefs. Thereafter, he offers the following specific objections to Magistrate Judge Seibert's recommendations:

- Pursuant to Fed.R.Civ.P. 56(f), Mullins objects to any further action of the Court until he has an opportunity to obtain full discovery and make an informed response to the defendants' arguments;
- Mullins objects to the recommended dismissal of his Eighth Amendment Bivens claim for the defendants' deliberate indifference to his serious medical needs, arguing that he has clearly set forth such a claim in his pleadings and subsequent filings; and
- Mullins objects to the magistrate judge's findings that he failed to exhaust his administrative remedies with regard to all claims set forth in his complaint.

Importantly, Mullins made no objection to the detailed treatment history recited by Magistrate Judge Seibert in his R&R, or to the recommendation that his FTCA claims be denied for failure

to comply with applicable West Virginia law for bringing suit against health care providers.

### V. Standard of Review

The Court will review do novo any portions of the magistrate judge's Report and Recommendation to which a specific objection has been made, Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983), and the Court may adopt, without explanation, any of the magistrate judge's recommendations to which the prisoner does not object. Id.

Because Mullins did not object to the recommended dismissal of his FTCA claims, the Court **ADOPTS** Magistrate Judge Seibert's recommendation with regard to those claims and **DISMISSES** them **WITH PREJUDICE**. Likewise, because Mullins filed no specific objection to the magistrate judge's thorough outline of his treatment history at FCI-Gilmer, the Court also **ADOPTS** that portion of the R&R.

### VI. Analysis

The Court will analyze Mullins's objections in reverse order. First, like the magistrate judge, the Court finds that Mullins's deliberate indifference claims are all sufficiently intertwined to address them on the merits. Although the administrative record is clear that Mullins failed to exhaust the BOP's administrative process for several of the health care related administrative claims he has filed at FCI-Gilmer, because he has successfully

exhausted at least one of those claims, the Court will not dismiss his <u>Bivens</u> claims for failure to exhaust. Accordingly, the Court **DENIES AS MOOT** Mullins's objection regarding the exhaustion of his administrative remedies.

Second, in their respective motions to dismiss, or in the alternative, for summary judgment, the defendants provided significant material beyond the pleadings in this case in the form of medical records and the affidavits of several named defendants. Likewise, Mullins filed his own affidavit in opposition to the defendants' motions.

Federal Rule of Civil Procedure 12(b) states, in pertinent part:

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Further, "[w]hen a party is aware that material outside the pleadings is before the court, the party is on notice that a Rule 12(b)(6) motion may be treated as a motion for summary judgment." <u>Gay v. Wall</u>, 761 F.2d 175, 177 (4th 1985); <u>see also</u> <u>Laughlin v. Metropolitan Washington Airports Auth.</u>, 149 F. 3d 253, 261 (4th Cir. 1998).

Accordingly, the Court considers Mullins's <u>Bivens</u> claims under the standard applicable to summary judgment, to wit:

> A moving party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

Fed. R. Civ. P. 56(c). Further, to win on summary judgment, the moving party bears the initial burden of asserting, with specificity, why no triable issue of fact exists and it is entitled to judgment under the law. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 325(1986). Once the movant has done so, the non-moving party, at the least, must show the existence of a genuine issue on the claims on which it has the burden of proof. It may do so by setting forth specific material facts that would be admissible as evidence at trial. <u>Id.</u> at 322-323; Rule 56(e). While a court must view the facts presented in the light most favorable to the non-moving party and must draw all reasonable inferences in the non-movant's favor, <u>Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587-588 (1986), the non-moving party must offer more than a mere "scintilla" of evidence to establish a genuine issue of fact. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 252 (1986).

In this case, the medical records speak for themselves and conclusively establish that Mullins's health care providers at FCI-

**ORDER AFFIRMING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Gilmer have not been deliberately indifferent to any of his medical needs. To the contrary, those records indicate that Mullins has been seen by health care providers at FCI-Gilmer over twenty-five (25) times for his complaints of lymphadenopathy, or swollen lymph nodes. He has been prescribed medication for the condition, has had a CT scan of the neck with a report of normal results, and has been referred to and consulted with Dr. LaNasa, a general surgeon from the community. That Mullins believes he needs additional testing or specialized treatment for this condition in no way rebuts the considered medical judgment reflected throughout the medical records by numerous health care providers. Estelle v. Gamble, 429 U.S. 97 (1976)("The questions whether an X-ray or additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment. A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment.").

Similarly, Mullins's treatment history at FCI-Gilmer for his seizure disorder is thoroughly documented in the record. His primary complaint in this regard is the discontinuation of Phenobarbital as his seizure medication. What he fails to address in his objections, or in any other filing, is the fact that his last prescribed Phenobarbital level was barely therapeutic and he

was noncompliant with the medication. Further, he has been continuously prescribed alternative medications, such as Dilantin, Tegretol, and Trileptal, to control his seizure disorder. Indeed, rather than support a claim of deliberate indifference, the extensive medical records demonstrate that FCI-Gilmer's medical staff has been proactive and thorough in treating and controlling that disorder.

Likewise, the medical records and Mullins's treatment history conclusively demonstrate that Mullins has been manipulative with regard to his complaints of pain and that his complaint that Tylenol 3 has been improperly withheld is baseless. Mullins suffered from an ill-fitting prosthesis for his left below the knee amputation. FCI-Gilmer medical staff addressed that need by refitting the prosthesis with the addition of a silicone sock. Thereafter, a February, 2006 examination revealed that the leg injury caused by the ill-fitting prosthesis had healed and, while sore, was not painful to the touch. Moreover, Mullins was able to ambulate in a normal gait without his cane or sign of pain. Accordingly, his previously prescribed pain medication was discontinued.

While Mullins may argue that his prescriptions for Phenobarbital and Tylenol 3 should not have been withdrawn, he

cannot raise a cognizable claim under the Eighth Amendment based on his disagreement with a physician over his proper medical care. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985).

Finally, the record reflects that FCI-Gilmer medical staff and consulting physician LaNasa have aggressively treated Mullins's fears regarding colon cancer and a tumor in his chest. Mullins first advised the medical staff of his history of colon polyps on March 3, 2006, when he saw Dr. Mace-Leibson. She arranged for a colonoscopy, which was performed by Dr. LaNasa in April, 2006. A benign polyp was removed and Dr. LaNasa recommended that Mullins have another colonoscopy in one year's time. That recommendation has been approved by the BOP. Further, a CT scan, x-rays and repeated laboratory tests have been performed with regard to the lower left lobe of his lungs.

In sum, given the extensive medical records before the Court, it is clear that Dr. Ramirez, Dr. Mace-Leibson, PA Dib, and Dr. LaNasa have not been deliberately indifferent to Mullins's medical needs. Moreover, there simply is no indication in the record that defendants Lambright and Bunts ever acted in more than an administrative capacity with regard to Mullins's medical care. Thus, even taking the facts presented in the light most favorable

to Mullins, the Court finds no genuine issues of material fact suitable to defeat the defendants' motions for summary judgment.

Mullins is correct that Fed.R.Civ.P. 56(f) gives the district court the discretion to deny a summary judgment motion or grant a continuance if the non-moving party has not had an opportunity to make full discovery. Celotex, 477 U.S. at 326. In its discretion in this case, however, the Court declines to take such action because the medical records speak for themselves and there can be no dispute as to their content.

Accordingly, the Court **AFFIRMS** Magistrate Judge Seibert's R&R, **GRANTS** the defendants' motions for summary judgment, and **DISMISSES** this case **WITH PREJUDICE** from the Court's docket.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to counsel of record and all appropriate agencies, and to mail a copy of this Order to the petitioner, certified mail, return receipt requested.


Dated: August 30, 2007


/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE